## JEFFERSONVILLE SCHOOL TOWNSHIP *v.* SCHOOL CITY OF JEFFERSONVILLE ET AL.

[No. 8,965. Filed May 25, 1915.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*Illegal Transfer of Pupils.— Injunction.*—An action by a school township to enjoin the county superintendent from illegally transferring township pupils to the schools of a school city, and to enjoin the latter from accepting such transfers and charging the *per capita* cost to the township, can not be maintained, since, if the transfers are illegal, such fact would be available as a complete defense in any action against the school township for the cost of educating such pupils in the school city. p. 84.

2. INJUNCTION.—*Right to Relief.—Legal Remedy.*—Where there is a complete and adequate remedy at law, relief will not be granted by injunction. p. 84.

From Clark Circuit Court; *Thomas B. Buskirk,* Special Judge.

Action by Jeffersonville School Township of Clark County, against the School City of Jeffersonville and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Laurent Douglass,* for appellant.
*George H. Voigt,* for appellees.

IBACH, P. J.—In appellant's complaint it was alleged that fifty-seven school children of appellant school township had been transferred by appellee county superintendent to the schools of appellee school city, without any application having first been made to the township trustee of appellant for transfers, and appeal on his refusal to the county superintendent, and that these children were being taught in the schools of appellee school city and would continue to be so taught, although appellant was maintaining fully equipped schools in the township convenient to the children, and that appellee school city would continue to receive said children who were illegally transferred to it, and to teach them, and

would charge against appellant the cost of maintaining said children in school, and sue for the same, and that appellee county superintendent has said that he would continue to transfer children to appellee school city's schools, whether or not they had first applied to appellant's township trustee, and a proper appeal taken. It was prayed that appellee school city be enjoined from continuing to teach such children illegally transferred, and from charging against appellant any sums or amounts of the *per capita* cost of maintaining the schools of appellee where such children are attending, or will hereafter attend, and that appellee Samuel L. Scott be enjoined from issuing any further transfers, except on appeal to him as provided by law.

Error is assigned for reversal in sustaining the separate demurrers of each appellee to the complaint. One of the grounds of demurrer stated in the memorandum of each appellee was that appellant has an adequate and complete remedy at law. For the purposes of the demurrer, appellees admit that under §§6449, 6451 Burns 1914, Acts 1909 p. 173, Acts 1901 p. 448, the county superintendent of schools has no right to transfer children from one school corporation to another, except on appeal from a decision of the township trustee denying a transfer. But appellees contend that even if the children were transferred illegally, appellant has an adequate remedy at law for the wrong; that if the children were not properly transferred, the school board of appellee school city can not recover from appellant for their tuition; and if suit is brought to recover, a defense on the ground of the matters alleged in the complaint for injunction would be a complete bar. In this we agree with appellees. It is an elementary principle of equity, that where there is a complete and adequate remedy at law, relief will not be granted by injunction. We believe this principle fully applies here. Judgment affirmed.

NOTE.—Reported in 108 N. E. 966. As to injunction against illegal acts of municipal and other public corporations, see 2 Am. St. 92. See, also, under (1) 35 Cyc. 1115; (2) 22 Cyc. 769.